ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
CALENDAR: C
PAGE 1 of 11
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT OF COOK COUNTY
LAW DIVISION, COUNTY DEPARTMENT

| | |
|---|---|
| JENNIFER GMERICE HAMMOND, M.D. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. <br> UBER TECHNOLOGIES, INC., a Foreign ) <br> Corporation, RASIER, LLC, a Foreign ) <br> Limited Liability Company, ) <br> JODI BRIGHTHEART, an Individual, and ) <br> DANIELLE WASHINGTON, an Individual, ) <br> ) <br> Defendants. ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JENNIFER GMERICE HAMMOND, M.D. ("DR. HAMMOND"), by her attorneys, ROLEWICK & GUTZKE, P.C., and complaining of the Defendants, UBER TECHNOLOGIES, INC. ("UBER"), RASIER, LLC ("RASIER"), JODI BRIGHTHEART ("BRIGHTHEART"), and DANIELLE WASHINGTON ("WASHINGTON"), states as follows:

### COUNT I
### NEGLIGENCE/VICARIOUS LIABILITY
### (Against UBER)

1. On April 1, 2016, and for some time prior thereto, UBER was a Delaware corporation engaged in the business of technology, including developing, marketing, and operating a transportation network company.

2. On April 1, 2016, and for some time prior thereto, UBER conducted business internationally, including in the City of Chicago.

3. On April 1, 2016, DR. HAMMOND requested a ride through the UBER

1


EXHIBIT A

application on her mobile phone, and BRIGHTHEART, having received the request, picked up DR. HAMMOND.

4. On April 1, 2016, Lake Shore Drive ran in a general northerly and southerly direction in the City of Chicago, County of Cook, and State of Illinois.

5. On April 1, 2016, BRIGHTHEART owned, operated, maintained, managed, and controlled a 2010 Toyota Prius automobile, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

6. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, BRIGHTHEART was performing transportation network services on behalf of UBER.

7. On April 1, 2016, WASHINGTON owned, operated, maintained, managed, and controlled a 2016 Honda sports utility vehicle, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

8. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, there was a collision between the vehicle operated by BRIGHTHEART and the vehicle operated by WASHINGTON.

9. On April 1, 2016, immediately before and at the time of the above-described collision, BRIGHTHEART was engaged in activities related to, and in furtherance, of UBER's transportation network services business.

10. Pursuant to 625 ILCS 57/15, prior to permitting BRIGHTHEART to act as a driver on its digital platform, UBER required BRIGHTHEART to meet certain criteria and to undergo certain background checks.

11. At the time of the above-described collision, UBER exercised control over BRIGHTHEART in the performance of her duties as a driver for UBER, including monitoring

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 2 of 11

2

her rate of refusal of ride requests, the timeliness of her responses to requests, the display of its logo on her vehicle, her interactions with passengers, and her quality as a driver via its rating system.

12. On April 1, 2016, at the time of the above-described collision, UBER, by and through its agent, servant, employee, and/or apparent agent, BRIGHTHEART, had the duty to exercise reasonable care and caution in the operation of a motor vehicle providing transportation network services so as to avoid injury to DR. HAMMOND and others similarly situated.

13. At the time and place aforesaid, UBER, by and through its agent, servant, employee, and/or apparent agent BRIGHTHEART, breached said duty, and was then and there guilty of one or more of the following wrongful acts or omissions:

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 3 of 11

    a) Carelessly and negligently failed to reduce speed and control the vehicle to avoid a collision contrary to and in direct violation of 625 ILCS 5/11-601(a);

    b) Carelessly and negligently failed to stay in the lane of traffic contrary to and in violation of 625 ILCS 5/11-709(a);

    c) Carelessly and negligently failed to keep a proper lookout for other vehicles lawfully upon the roadway;

    d) Carelessly and negligently failed to give audible warnings of the approach of the motor vehicle although such warning was reasonable necessary to insure safe operation contrary to and in direct violation of 625 ILCS 5/12-601(a); and

    e) Was otherwise careless and negligent in the operation of the vehicle.

14. An Affidavit of Damages is attached hereto as Exhibit 1.

**WHEREFORE**, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D. respectfully

3

requests that judgment be entered in her favor and against Defendant UBER TECHNOLOGIES, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this action.

## COUNT II
### NEGLIGENCE/VICARIOUS LIABILITY
### (Against RASIER)

1. On April 1, 2016, and for some time prior thereto, RASIER was a Delaware limited liability company engaged in the business of operating a transportation network company for ride share services and/or screening, hiring and/or providing drivers for UBER transportation network ride share services.

2. On April 1, 2016, and for some time prior thereto, RASIER conducted business in many locations throughout the United States, including the City of Chicago.

3. On April 1, 2016, DR. HAMMOND requested a ride through the UBER application on her mobile phone, and BRIGHTHEART, having received the request, picked up DR. HAMMOND.

4. On April 1, 2016, Lake Shore Drive ran in a general northerly and southerly direction in the City of Chicago, County of Cook, and State of Illinois.

5. On April 1, 2016, BRIGHTHEART owned, operated, maintained, managed, and controlled a 2010 Toyota Prius automobile, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

6. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, BRIGHTHEART was performing transportation network services on behalf of RASIER.

7. On April 1, 2016, WASHINGTON owned, operated, maintained, managed, and controlled a 2016 Honda sports utility vehicle, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 4 of 11

8. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, there was a collision between the vehicle operated by BRIGHTHEART and the vehicle operated by WASHINGTON.

9. On April 1, 2016, immediately before and at the time of the above-described collision, BRIGHTHEART was engaged in activities related to, and in furtherance, of RASIER's transportation network services business.

10. Pursuant to 625 ILCS 57/15, prior to permitting BRIGHTHEART to act as a driver on UBER's digital platform, RASIER required BRIGHTHEART to meet certain criteria and to undergo certain background checks.

11. At the time of the above-described collision, RASIER exercised control over BRIGHTHEART in the performance of her duties as a driver for UBER and/or RASIER, including monitoring her rate of refusal of ride requests, the timeliness of her responses to requests, the display of its logo on her vehicle, her interactions with passengers, and her quality as a driver via its rating system.

12. On April 1, 2016, at the time of the above-described collision, RASIER, by and through its agent, servant, employee, and/or apparent agent, BRIGHTHEART, had the duty to exercise reasonable care and caution in the operation of a motor vehicle providing transportation network services so as to avoid injury to DR. HAMMOND and others similarly situated.

13. At the time and place aforesaid, RASIER, by and through its agent, servant, employee, and/or apparent agent BRIGHTHEART, breached said duty, and was then and there guilty of one or more of the following wrongful acts or omissions:

> a) Carelessly and negligently failed to reduce speed and control the vehicle to avoid a collision contrary to and in direct violation of 625 ILCS 5/11-601(a);

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 5 of 11

5

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 6 of 11

b) Carelessly and negligently failed to stay in the lane of traffic contrary to and in violation of 625 ILCS 5/11-709(a);

c) Carelessly and negligently failed to keep a proper lookout for other vehicles lawfully upon the roadway;

d) Carelessly and negligently failed to give audible warnings of the approach of the motor vehicle although such warning was reasonable necessary to insure safe operation contrary to and in direct violation of 625 ILCS 5/12-601(a); and

e) Was otherwise careless and negligent in the operation of the vehicle.

14. An Affidavit of Damages is attached hereto as Exhibit 1.

**WHEREFORE**, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D., respectfully requests that judgment be entered in her favor and against Defendant RASIER, LLC, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this action.

### COUNT III
### NEGLIGENCE
### (Against BRIGHTHEART)

1. On April 1, 2016, Lake Shore Drive ran in a general northerly and southerly direction in Chicago, County of Cook, and State of Illinois.

2. On April 1, 2016, BRIGHTHEART owned, operated, maintained, managed, and controlled a 2010 Toyota Prius automobile, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

3. On April 1, 2016, WASHINGTON owned, operated, maintained, managed, and controlled a 2016 Honda sports utility vehicle, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

6

4. On April 1, 2016, DR. HAMMOND requested a ride through the UBER application on her mobile phone, and BRIGHTHEART, having received the request, picked up DR. HAMMOND.

5. On April 1, 2016, DR. HAMMOND was a passenger in BRIGHTHEART's vehicle.

6. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, there was a collision between the vehicle operated by BRIGHTHEART and the vehicle operated by WASHINGTON.

7. BRIGHTHEART had a duty, before and at the time of the collision referred to above, to use ordinary care for the safety of DR. HAMMOND and others similarly situated.

8. At the time and place aforesaid, BRIGHTHEART breached said duty, and was then and there guilty of one or more of the following wrongful acts or omissions:

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 7 of 11

    a) Carelessly and negligently failed to reduce speed and control her vehicle to avoid a collision contrary to and in direct violation of 625 ILCS 5/11-601(a);

    b) Carelessly and negligently failed to stay in her lane of traffic contrary to and in violation of 625 ILCS 5/11-709(a);

    c) Carelessly and negligently failed to keep a proper lookout for other vehicles lawfully upon the roadway;

    d) Carelessly and negligently failed to give audible warnings of the approach of the motor vehicle although such warning was reasonable necessary to insure safe operation contrary to and in direct violation of 625 ILCS 5/12-601(a); and

    e) Was otherwise careless and negligent in the operation of her vehicle.

7

9. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions by BRIGHTHEART, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D., was then and there injured both internally and externally, suffered a severe shock to her nervous system, bruises and contusions, and became disabled and suffered, and will in the future suffer, great pain, discomfort, and physical impairment, some of which injuries may be permanent; and she has lost and will in the future continue to lose other gains which she otherwise would have made and acquired through her employment; and has been and will in the future continue to be kept from attending to her ordinary affairs and duties, and has and will in the future continue to be liable for large sums of money for medical and hospital care and attention; and has and will in the future continue to suffer loss of enjoyment of life.

10. An Affidavit of Damages is attached hereto as Exhibit 1.

**WHEREFORE**, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D., respectfully requests that judgment be entered in her favor and against Defendant BRIGHTHEART in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this action.

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 8 of 11

### COUNT IV
### NEGLIGENCE
### (Against WASHINGTON)

1. On April 1, 2016, Lake Shore Drive ran in a general northerly and southerly direction in Chicago, County of Cook, and State of Illinois.

2. On April 1, 2016, BRIGHTHEART owned, operated, maintained, managed, and controlled a 2010 Toyota Prius automobile, and drove said automobile southbound on Lake Shore Drive at or near the exit to McCormick Place.

3. On April 1, 2016, WASHINGTON owned, operated, maintained, managed, and controlled a 2016 Honda sports utility vehicle, and drove said automobile southbound on Lake

8

Shore Drive at or near the exit to McCormick Place.

4. On April 1, 2016, DR. HAMMOND was a passenger in BRIGHTHEART's vehicle.

5. On April 1, 2016, while DR. HAMMOND was a passenger in BRIGHTHEART's vehicle, there was a collision between the vehicle operated by BRIGHTHEART and the vehicle operated by WASHINGTON.

6. WASHINGTON had a duty, before and at the time of the collision referred to above, to use ordinary care for the safety of DR. HAMMOND and others similarly situated.

7. At the time and place aforesaid, WASHINGTON breached said duty, and was then and there guilty of one or more of the following wrongful acts or omissions:

> a) Carelessly and negligently failed to reduce speed and control her vehicle to avoid a collision contrary to and in direct violation of 625 ILCS 5/11-601(a);
>
> b) Carelessly and negligently failed to stay in her lane of traffic contrary to and in violation of 625 ILCS 5/11-709(a);
>
> c) Carelessly and negligently failed to keep a proper lookout for other vehicles lawfully upon the roadway;
>
> d) Carelessly and negligently failed to give audible warnings of the approach of the motor vehicle although such warning was reasonable necessary to insure safe operation contrary to and in direct violation of 625 ILCS 5/12-601(a); and
>
> e) Was otherwise careless and negligent in the operation of her vehicle.

8. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions by WASHINGTON, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D., was

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 9 of 11

9

then and there injured both internally and externally, suffered a severe shock to her nervous system, bruises and contusions, and became disabled and suffered, and will in the future suffer, great pain, discomfort, and physical impairment, some of which injuries may be permanent; and she has lost and will in the future continue to lose other gains which she otherwise would have made and acquired through her employment; and has been and will in the future continue to be kept from attending to her ordinary affairs and duties, and has and will in the future continue to be liable for large sums of money for medical and hospital care and attention; and has and will in the future continue to suffer loss of enjoyment of life.

9. An Affidavit of Damages is attached hereto as Exhibit 1.

**WHEREFORE**, the Plaintiff, JENNIFER GMERICE HAMMOND, M.D., respectfully requests that judgment be entered in her favor and against Defendant DANIELLE WASHINGTON, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of this action.

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 10 of 11

Respectfully submitted,

_____
Attorney for Plaintiff,
JENNIFER GMERICE HAMMOND, M.D.

Timothy J. Mahoney, Esq.
ROLEWICK & GUTZKE, P.C.
1776 S. Naperville Road, Suite 104A
Wheaton, Illinois 60189
Phone: (630) 653-1577
Fax: (630) 653-1579
Service email: docserve@rglawfirm.com
Other email: timm@rglawfirm.com
Attorney No. 34343

10

I IN THE CIRCUIT OF COOK COUNTY
LAW DIVISION, COUNTY DEPARTMENT

JENNIFER GMERICE HAMMOND, M.D.     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )   No.
UBER TECHNOLOGIES, INC., a Foreign )
Corporation, RASIER, LLC, a Foreign)
Limited Liability Company,         )
JODI BRIGHTHEART, an Individual, and)
DANIELLE WASHINGTON, an Individual,)
                                   )
        Defendants.                )

## AFFIDAVIT OF DAMAGES

### SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is counsel for the Plaintiff to the above-entitled cause of action seeking money damages or collection of taxes and states that this cause of action does exceed $50,000.00.

_____
Attorney for Plaintiff

Subscribed and Sworn to before me
this 16th day of February, 2018.

_____
Notary Public

OFFICIAL SEAL
SHARON M. NOONAN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/23/21

Timothy J. Mahoney, Esq.
ROLEWICK & GUTZKE, P.C.
1776 S. Naperville Road, Suite 104A
Wheaton, Illinois 60189
Phone: (630) 653-1577
Fax: (630) 653-1579
Service email: docserve@rglawfirm.com
Other email: timm@rglawfirm.com
Attorney No. 34343

ELECTRONICALLY FILED
2/16/2018 2:19 PM
2018-L-001727
PAGE 11 of 11

EXHIBIT 1